48 CCPA

**Application of Franz BERGEL and John Albert Stock.**

**Patent Appeal No. 6666.**

United States Court of Customs and Patent Appeals.

July 21, 1961.

---

1. Article I, Section 8. "The Congress shall have Power

&ast; &ast; &ast; &ast; &ast;

James W. Dent, Washington, D. C., and Albert L. Jacobs, for appellants.

Clarence W. Moore, Washington, D. C. (J. Schimmel, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Associate Judges, and Judge WILLIAM H. KIRKPATRICK.[1]

WORLEY, Chief Judge.

This is an appeal from the decision of the Board of Appeals affirming the rejection by the Primary Examiner of all claims in appellants' application No. 550,-214 for a patent on a process of producing chemical compounds. Claim 1 is typical of the appealed claims and reads:

"1. A process for the production of L-p-bis-(2-chloroethyl)-amino-phenylalanine which comprises treating a solution of N-acetyl-p-nitro-DL-phenylalanine with brucine, separating the optical isomers by crystallisation of the brucine salt of the L-isomer, basifying a solution of the brucine salt of the L-isomer to precipitate brucine, removing the brucine, acidifying the solution to produce N-acetyl-p-nitro-L-phenylalanine, subjecting this compound to hydrolysis to produce L-p-nitrophenylalanine, esterifying the carboxyl group of this compound, reacting the ester with phthalic anhyride to form the N-phthaloyl derivative, subjecting this to catalytic hydrogenation to reduce the nitro group to an amino group, treating the amino compound with ethylene oxide to effect hydroxy-ethylation, and then subjecting the product to chlorination with a chlorinating agent selected from the group consisting of phosphorus oxychloride and thionyl chloride followed by hydrolysis for the removal of the phthaloyl group to produce L-p-bis-(2-chloroethyl)-amino-phenylalanine."

Although the examiner rejected the claims on several grounds the board affirmed only on the ground of an insufficient disclosure of utility. That is the only issue to be considered here.

It is not disputed that appellants' process as disclosed and claimed will actually produce the compounds set forth in the specification and claims; however, the examiner and the board were of the opinion those compounds had not been shown to be useful, and accordingly the claimed process, which serves no other purpose than the making of compounds, was lacking in utility.

The asserted utility for the compounds resides in its capacity to inhibit the growth of tumors in rats. The board held that was not a "useful" result. The issue thus raised is the same as that in companion appeal No. 6676, involving another application by the instant appellants. For the reasons given in that opinion we reach a similar conclusion here.

The decision is reversed.

Reversed.

KIRKPATRICK, J., sat but did not participate in decision.

1. United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate in place of Judge O'CONNELL, pursuant to provisions of Section 294(d), Title 28 United States Code.